STEPHEN DODD & others vs. GLOUCESTER MUTUAL FISHING
INSURANCE COMPANY.

Essex.   Nov. 6, 1878. — July 10, 1879.   ENDICOTT & LORD, JJ., absent.

Where this court has held, on a report of the plaintiff's evidence alone, that the
action may be maintained, the defendant has no ground of exception to a refusal
at the second trial, at which the plaintiff's evidence was in substance the same
as before, and the defendant's evidence tended to contradict it, to take the case
away from the jury.

In an action on a contract of insurance, the defendant contended that the contract
was made under a mutual mistake of fact as to whether a previous risk had
expired when the new contract was made.   *Held,* that the burden of proof was
on the defendant to show that the mistake, if it existed, was material; and that
the question of materiality was for the jury.

CONTRACT.   The declaration contained two counts.   The first
count, which is the only one which need now be stated, alleged
that the defendant, on November 30, 1872, insured the plaintiffs
on their schooner, the W. J. Dale, on a fishing voyage, until her
return to port.   After the former decision, reported 120 Mass.
468, the case was tried in the Superior Court before *Brigham,*
C. J.; the jury returned a verdict for the plaintiffs on the first
count; and the defendant alleged exceptions, which set forth the
evidence at length.   The nature of the evidence appears in the
opinion.

*S. B. Ives, Jr. & F. Goodwin,* for the defendant.

*C. P. Thompson & H. L. Harding,* for the plaintiffs, were not
called upon.

MORTON, J.   The only question argued in the case is whether
upon the evidence the verdict for the plaintiff can be sustained.
In the former decision in this case, it was held that, upon the
evidence as there presented, it was competent for the jury to
find a verdict for the plaintiffs, upon the ground that a contract
of insurance existed between the parties, either in the form of a
new contract or of an extension of an existing policy.   We are
unable to see that the additional evidence introduced by the de-
fendant at the second trial changes the aspect of the case.   The
plaintiffs' evidence was substantially the same as at the first trial.
If the defendant's evidence tended to contradict and control that
of the plaintiffs, it was exclusively for the jury to determine its

weight, and how far it had that effect.   For the reasons stated in the former decision, we are of opinion that the jury were warranted in finding that a contract for insurance was made on November 30, 1872.

The defendant's main argument now is, that, if this new contract was made, it was made under a mutual mistake as to a material fact.   The mistake alleged is that each party supposed that a previous risk expired on November 30, when, in point of fact, it had expired several months before.   In the first place, it was for the jury to determine whether this mistake or misunderstanding did exist on the part of the defendant, or its officers. There were many facts in evidence, alluded to in the former opinion, and which therefore need not be repeated here, which might lead the jury to the conclusion, that the officers of the defendant were acquainted with the facts, and, having that knowledge, agreed to the new insurance.   Although the defendant introduced new and material evidence upon this point, it might be difficult, as matter of law, to hold that such new evidence was so controlling as to require the jury to find that a mutual mistake of fact existed.

But if we assume that they so found, yet it was a question of fact for the jury whether this mutual mistake was a material mistake, which would influence the parties in making the contract, and, upon this question, the burden of proof rested upon the defendant.   *Daniels* v. *Hudson River Ins. Co.* 12 Cush. 416. *Campbell* v. *New England Ins. Co.* 98 Mass. 381.

A mistake of fact which goes to the essence of a contract avoids it.   *Hammond* v. *Allen*, 2 Sumner, 387.   But a mutual mistake of fact will not avoid a contract, if it does not induce or influence the contract, or, in other words, if it is not material.

In the case at bar, we cannot say, as matter of law, that the mistake of the parties, in supposing that an existing policy expired at the time the new insurance was made, was material, but we are of opinion that this question was properly left to the jury.

The case having been submitted to the jury upon instructions to which the defendant has no ground of exception, we are of opinion that no sufficient reason is shown for setting aside the verdict.                                   *Exceptions overruled*